```
            IN THE UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,    )
                             )
               Plaintiff,    )         8:14CR223
                             )
       v.                    )
                             )
TERRY LEE HARLAN,            )         ORDER
                             )
               Defendant.    )
_____)
```

This matter is before the Court on defendant's motion *in limine* (Filing No. 29) to suppress evidence of his prior tribal assault convictions. Mr. Harlan faces prosecution under 18 U.S.C. § 117(a), which holds the following:

> [a]ny person who commits a domestic assault within . . . Indian country and who has a final conviction on at least 2 separate prior occasions in . . . Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction . . . **any** assault . . . shall be fined under thus title, imprisoned under this title, or both . . . .

18 U.S.C. § 117(a).

Harlan makes two arguments for suppressing his three prior assault convictions. First, Harlan argues his convictions were attempted assaults (Filing No. 30, at 1-5). This argument attempts to create a distinction between "attempted assault," "simple assault," and "aggravated assault;" however, the federal

statute plainly states that "any assault" conviction satisfies its requirements. 18 U.S.C. § 117(a).

Second, Harlan makes a Constitutional argument which the Eighth Circuit has previous rejected. Filing No. 30 and Filing No. 36 (citing *United States v. Cavanaugh*, 643 F.3d 592 (8th Cir. 2011)). For those reasons, the motion will be denied. Accordingly,

IT IS ORDERED that the defendant's motion (Filing No. 29) is denied.

DATED this 10th day of November, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court